**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30009 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00054-WFN-1 |
| v. | |
| JUAN MANUEL GOMEZ-FONSECA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Juan Manuel Gomez-Fonseca appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

being an alien in the United States after deportation, in violation of 8 U.S.C.

§ 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gomez-Fonseca contends that the district court procedurally erred by failing to consider or address his arguments for a within-Guidelines sentence. The record belies this claim. The district court expressly considered Gomez-Fonseca's arguments and explained that an upward variance from the Guidelines range was warranted in light of Gomez-Fonseca's significant criminal and immigration history, and the need to afford adequate deterrence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Gomez-Fonseca also argues that the above-Guidelines sentence is substantively unreasonable in light of his lack of education, untreated substance abuse problem, impoverished background, and employment history. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**